UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER SINCLAIR, | No. 2:24-cv-00038-EFB (HC) |
| Petitioner, | |
| v. | ORDER |
| LINDA CLARK, et al., | |
| Respondents. | |

Petitioner, a county jail prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). *See* 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition must clearly state the relief sought in the petition. *Id.* The Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; *see Blackledge v. Allison*, 431 U.S. 63, 75, n.7 (1977). Rule 12 provides: "The Federal Rules of Civil Procedure to

1

the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 8 of the Federal Rules of Civil Procedure requires a pleader to assert his claims in a short and plain statement.

Petitioner asserts his claims against a one-and-a-half page list of respondents in a pleading that spans over 50 pages. The court cannot make out the claims being asserted by the rambling and incoherent allegations of the petition. For example, plaintiff's first claim is: "Speedy trial right(s) violation 0 to 60 day under 6th Constitution Amendment(s) purpose delay by the government negligence done by respondents. [¶] The Petitioner had add charges through the whole courtroom and courtroom parties conspiracy of intent to covering up of crimes with the judge(s) conspirator(s) unlawfully doing anything and everything to prevent trial so petitioner would not have an appeal furthering trial." ECF No. 1 at 7.

The petition fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases and Rule 8 of the Federal Rules of Civil Procedure. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed; a

3. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

4. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

/////

/////

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus and in forma pauperis application form.

Dated: August 23, 2024

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE